UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EARLEY VIVERETTE,

                Plaintiff,

           -v.-

CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF ADMINSITRATIVE FOR CHILDREN'S SERVICES,

                Defendant.

23 Civ. 3362 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

      Plaintiff initiated this action on April 21, 2023 (Dkt. #1), and the Clerk of Court issued a summons as to both Defendants that same day (see Minute Entry for April 21, 2023).  Accordingly, Plaintiff had until July 20, 2023, to effectuate service on Defendants.  See Fed. R. Civ. P. 4(m).  On August 2, 2023, this Court ordered Plaintiff, having not yet filed proof of service on Defendants, to file such proof of service on the docket on or before August 23, 2023.  (Dkt. #3).  The Court stated that failure to comply with its Order could result in sanctions, including dismissal of the case for failure to prosecute.  (*Id.*).  On September 5, 2023, with still no proof of service on Defendants filed by Plaintiff, the Court ordered Plaintiff to show cause, in writing, on or before September 19, 2023, why this case should not be dismissed for failure to prosecute.  (Dkt. #4).  The Court again stated that failure to comply with its Order could result in sanctions, including dismissal of the case for failure to prosecute.  (*Id.*).

In the five months since Plaintiff filed the Complaint in this action, Plaintiff has failed to take any action in this case. Nor has Plaintiff filed any letter with the Court attempting to show cause as to why this matter should not be dismissed for failure to prosecute. Based on Plaintiff's failure to respond to the Court's order to show cause and consistent failure to participate in this case, the Court understands that no party intends to proceed with this case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence* v. *Curry Shack, Corp.*, No. 17 Civ. 10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons* v. *Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The Court finds that as "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio* v. *Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). Given the lack of participation by Plaintiff, the Court does not believe that a sanction other than dismissal would be effective. However, under these circumstances, the Court finds that

dismissal without prejudice is an appropriate sanction that will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to [D]efendant[s] by retaining open lawsuits with no activity." *Amoroso* v. *Cty. of Suffolk,* No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).  Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:     September 21, 2023
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge